OPINION
{¶ 1} Defendant-appellant Angelo Thompson appeals from his conviction and sentence for Sexual Battery, in violation of R.C.2907.03(A)(5), following a nocontest plea. Thompson contends that R.C. 2907.03(A)(5) is unconstitutional, because it is overbroad and violates the Equal Protection clause of theFourteenth Amendment to the United State Constitution in that it treats married people and people who choose to cohabit disparately. We conclude that Thompson waived the issue of the constitutionality of R.C. 2907.03(A)(5), because he failed to raise that issue in the trial court. Therefore, we decline to hear this issue for the first time on appeal.
 {¶ 2} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In April, 2003, Ektina Jones reported to the Trotwood Police Department that her stepfather, Angelo Thompson, sexually abused her. Jones indicated that Thompson had a sexual relationship with her prior to the age of eighteen years old. Detective Kathleen Miller contacted Thompson, and Thompson met Detective Miller at the Trotwood Police Department. Detective Miller interviewed Thompson for approximately forty minutes, without reading him his Miranda rights, and although Thompson would not provide a written statement, he initialed Detective Miller's notes from the interview indicating that he started having sexual intercourse with his stepdaughter when she was about twenty or twenty-one years old.
 {¶ 4} Thompson was subsequently indicted for one count of Rape (less than thirteen years of age), in violation of R.C.2907.02(A)(1)(b), and two counts of Sexual Battery, in violation of R.C. 2907.03(A)(5). Thompson filed a motion to dismiss with an attached affidavit by Jones recanting her oral allegations that Thompson engaged in sexual intercourse with her prior to the age of nineteen years old. In her affidavit, Jones requested that the charges of Rape and Sexual Battery against Thompson be dismissed, stating that she began having voluntary and consensual sexual intercourse with Thompson at age nineteen. The trial court denied Thompson's Motion to Dismiss, finding that the indictment was sufficient in stating crimes under the Ohio Revised Code, and therefore, it was premature to determine whether the State could satisfy its burden of proof regarding the charges.
 {¶ 5} Thompson also filed a motion to suppress evidence. After a hearing, the trial court overruled Thompson's Motion to Suppress Evidence, finding that Thompson's statements were freely and voluntarily given, and that Miranda warnings were not required, because Thompson was not in custody at the time of interrogation.
 {¶ 6} Thompson subsequently entered a no-contest plea to one count of Sexual Battery, and the remaining counts of Sexual Battery and Rape were dismissed. The trial court classified Thompson as a sexually oriented offender and sentenced him to community control sanctions, for a period not to exceed five years. From his conviction and sentence, Thompson appeals.
 II {¶ 7} Thompson's first and second assignments of error are as follows:
 {¶ 8} "The instant statute, 2907.03(a)(5) is patently unconstitutional, and overbroad as written and, as such, is unenforceable.
 {¶ 9} "ORC 2907.03(A)(5) IS Unconstitutional because it denies equal protection to married people who are technical stepparents in disfavor to those who simply cohabitate. BREVE,
it may serve as an impediment or deterrent to marriage."
 {¶ 10} R.C. 2907.03(A)(5) provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person."
 {¶ 11} Thompson contends that R.C. 2907.03(A)(5) is unconstitutional, because it is overbroad and it violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution in that it treats married people and people who choose to cohabit disparately.
 {¶ 12} The Supreme Court of Ohio has held that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, 120, 22 OBR 199, 489 N.E.2d 277, syllabus. "The general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' Likewise, `[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." Id. at 122, internal citations omitted.
 {¶ 13} Thompson's contention that R.C. 2907.03(A)(5) is unconstitutional was raised for the first time at the sentencing hearing, after his no-contest plea had been tendered and accepted. At the sentencing hearing, defense counsel stated as follows:
 {¶ 14} "And as the Court knows in this case, he consented to and admitted to having sexual relations with his stepdaughter after she became an adult, and the construction of the statute made him potentially guilty so he pled no contest.
 {¶ 15} "Based on that, he does want to, of course, challenge the statute, take the case up further, and that's the nature of the plea."
 {¶ 16} Because Thompson did not raise the issue of the constitutionality of R.C. 2907.03(A)(5) at the trial court level, except at the sentencing hearing after he had already entered a no-contest plea, it was waived. We decline to hear this issue for essentially the first time on appeal, because Thompson failed to properly raise the issue of the constitutionality of R.C.2907.03(A)(5) in the trial court.
 {¶ 17} Thompson's first and second assignments of error are overruled.
 III {¶ 18} Both of Thompson's assignments of error having been overruled, the judgment of the trial court is affirmed.
Brogan and Young, JJ., concur.