[Cite as *In re Adoption of M.L.K.*, 2023-Ohio-3184.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE ADOPTION OF<br>M.L.K., A MINOR | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 29748 <br><br> Trial Court Case No. 2022 ADP 00053 <br><br> (Appeal from Common Pleas Court-<br>Probate Division) |

. . . . . . . . . . .

O P I N I O N

Rendered on September 8, 2023

. . . . . . . . . . .

RICHARD L. KAPLAN, Attorney for Appellant

MICHAEL A. SHEETS, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} The biological father of M.L.K. ("Father") appeals from an order of the probate court that granted summary judgment in favor of the child's step-father ("Petitioner") on a petition to adopt M.L.K. Father waived his constitutional challenges to R.C. 3107.07(K), which governs when consent to an adoption is required, by not raising them in the probate court. The notice of the petition for adoption complied with R.C. 3107.11(B) by informing

Father of the need to object and to appear at the hearing, and it was not misleading in that respect.   A genuine issue of material fact existed as to whether Father was served with notice of the hearing on the petition for adoption, which precluded summary judgment; the matter is remanded to the probate court for further proceedings consistent with this opinion.

## Procedural History

{¶ 2} Petitioner filed a petition to adopt M.L.K. on May 4, 2022.   At the time, M.L.K. resided with her mother and Petitioner.   The petition asserted that Father's consent to the adoption was not required because he had "failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner."   The probate court set a hearing on the petition for September 16, 2022, and ordered notice of the hearing to be served on Father not less than 20 days before the hearing date.

{¶ 3} With the petition, Petitioner's attorney filed instructions for service, which stated:   "Please issue service of the Petition for Adoption of Minor by certified mail, return receipt requested," upon Father   The same day, the deputy clerk filed a "Notice of Hearing on Petition for Adoption" (Form 18.2), which contained a certification by the deputy clerk that the notice was sent by certified mail to Father at a Kettering address.

{¶ 4} A May 25, 2022 entry on the probate court's docket reflects successful service upon someone at Father's address via FedEx.   The FedEx document indicated that notice of the hearing was delivered at 11:21 a.m. on May 9, 2022; it was signed for

by "A. M.," and the courier typed that it was delivered to "A. Michael. (Father's initials are A.M., and his middle name is Michael.) On October 3, 2022, Father filed a pro se document in which he asserted that he objected to the adoption.

{¶ 5} On December 19, 2022, Petitioner filed a motion for summary judgment; he argued that the adoption petition had been served on Father on May 25, 2022, and that Father had not filed his objection within the 14-day period for objections provided by R.C. 3107.07(K).[1] Petitioner argued that Father's consent to the adoption was accordingly not required.

{¶ 6} On January 18, 2023, Father, represented by counsel, filed a motion requesting additional time to respond to the motion for summary judgment. Counsel argued that Father had not been aware of the motion for summary judgment until January 17, 2023. The court granted the motion for additional time to respond.

{¶ 7} Father filed a response on February 10, 2023, asserting that there were "three issues of material fact" which rendered the motion for summary judgment "fatally flawed." First, Father asserted that he had not been properly served with notice of the adoption petition, so the probate court lacked personal jurisdiction over him. Father argued that Petitioner's instructions for service mandated the clerk to serve the petition via certified mail, return receipt requested. He also argued that the FedEx printout Petitioner relied upon for proof of service had an illegible signature and that the signature was a forgery. Second, he asserted that, without valid service, the statutory 14-day

---

[1] Pursuant to R.C. 3107.07(K), consent to adoption is not required of "* * * [A] juvenile court, agency, or person given notice of the petition pursuant to [R.C. 3107.11(A)(1)] that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given."

objection period under R.C. 3107.07(K) had not begun. Third, he argued that equity required that his objection be deemed timely filed. Father filed a supporting affidavit which asserted that he had not been at home on May 9, 2022, and that he had not signed the FedEx document. His wife filed an affidavit which stated that she had not been home on May 9, 2022, and had not signed the FedEx document, and that there were no other people at their home on May 9, 2022.

{¶ 8} On February 16, 2023, the probate court granted summary judgment in favor of Petitioner. The court concluded Father had had until June 8, 2022, to file objections to the petition for adoption, and that his October 3, 2022 objection had been filed outside of the time allowed by R.C. 3107.07(K).

## Constitutional Issues

{¶ 9} Father asserts four assignments of error. His first assignment of error is:

[FATHER] WAS DENIED HIS SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT GRANTED SUMMARY JUDGMENT BY HOLDING [FATHER] HAD TO FILE AN OBJECTION FOURTEEN (14) DAYS AFTER SERVICE.

{¶ 10} Father asserts that the "notice pursuant to R.C. 3107.07(K)" violated his substantive due process rights under U.S. Supreme Court case law and the procedural due process clauses of the United States Constitution and Ohio Constitution. He asserts that the statute is unconstitutional "on its face and as applied."

{¶ 11} Father argues that the notice the court sent did not define specific terms, such as "objection," and that the meaning of the phrase "fourteen days after proof of service of notice of the filing of the petition and of the time and place of hearing is given to you" on the notice was unclear to him. Father claims that the notice did not make clear when his objection should be filed, how to file the objection, or how to obtain information regarding the proper filing of objections. Father argues that the notice was "misleading" and contradicted itself by suggesting that he could either object or appear to assert his objection. He cites R.C. 3107.11.

{¶ 12} Father did not raise any constitutional challenges to R.C. 3107.07(K) or challenge the allegedly ambiguous nature of the notice in his response to Petitioner's motion for summary judgment. Rather, as set forth above, he asserted that there were three issues of material fact "which rendered the motion fatally flawed," namely that service of the notice was improper, that without proper service, the 14-day period for objections had not begun to run, and that equity required that his objection be deemed timely.

{¶ 13} Regarding constitutional challenges, we have previously addressed the effect of a failure to raise the issue in the trial court:

> The Supreme Court of Ohio has held that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." [*State v. Awan*, 22 Ohio St.3d 120,

489 N.E.2d 277 (1986), syllabus]. "The general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' Likewise, '[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity and * * * this means in the trial court." *Id.* at 122, * * *.

*State v. Brewer*, 2d Dist. Montgomery No. 26153, 2015-Ohio-693, ¶ 35, quoting *State v. Thompson*, 2d Dist. Montgomery No. 20359, 2004-Ohio-5802, ¶ 12.

{¶ 14} Father failed to assert his constitutional challenges in the trial court, and the issues therefore are waived and cannot be raised for the first time on appeal. As we noted in *Brewer*, we "recognize that even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it. *Id.* at ¶ 36, citing *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. Here, for the reasons discussed throughout, consideration of Father's constitutional challenges is not warranted.

{¶ 15} Regarding the alleged misleading and contradictory nature of the notice, even if we were to construe Father's response to the motion to summary judgment to raise this issue, Father's argument is unpersuasive; the notice was clear regarding objections and the period within which objections had to be filed.

{¶ 16} R.C. 3107.11(B) governs notice and states:

Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:

"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES, WITH THE EXCEPTION OF DIVISION (A)(1)(b) OF SECTION 3107.15 OF THE REVISED CODE. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION

PETITION OR APPEAR AT THE HEARING."

{¶ 17} The notice sent to Father in this case contained the language of R.C. 3107.11(B) verbatim.

{¶ 18} The Third District has observed that the sentence which states that a final decree of adoption may be entered if one fails to file an objection to the adoption petition or appear at the hearing "could be ambiguous if read without reference to the rest of the notice." *In re Adoption of N.F.,* 2019-Ohio-5380, 151 N.E.3d 119, ¶ 27 (3d Dist*.).* But it ultimately rejected the argument that there was any ambiguity:

> * * * "However, we may not read individual words of a statute in isolation; rather, we are obligated 'to evaluate a statute "as a whole and giv[e] such interpretation as will give effect to every word and clause in it." ' " *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 39, quoting *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917). "A court that is reviewing a statute * * * for ambiguity should direct its 'attention * * * beyond single phrases, and * * * should consider, in proper context, all words used by the [General Assembly] in drafting [the statute] with a view to its place in the overall [statutory] scheme.' " *Matter of Adoption of G.M.B.*, 4th Dist. Pickaway Nos. 19CA12 and 19CA13, 2019-Ohio-3884, ¶ 17, quoting *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*,

96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, *In* 19.

The second sentence of the statutory notice states that an individual wanting to contest an adoption must file an objection within 14 days following proof of service of notice of the filing of the petition and of the time and place of hearing. R.C. 3107.11(B). The third sentence then states, "If you wish to contest the adoption, you *must also* appear at the hearing." (Emphasis added.) *Id.* The phrase "must also" indicates that an individual wishing to contest an adoption has the additional mandatory requirement of appearing at the hearing in addition to filing a timely objection. When reading the sentences together, it is clear that an individual wishing to contest an adoption has an obligation to both file a timely objection and appear at the hearing. Thus, although the final sentence of the statutory notice may be ambiguous if read in isolation from the rest of the notice, when the statutory notice is read as a whole, the reader can come to but one conclusion, and that is that to contest an adoption, one must both file a timely objection to the adoption petition and appear at the hearing.

*Id.* at ¶ 27-28.

{¶ 19} Like the Third District, the Twelfth District has also determined that the notice on a biological father "which specifically contained language identical to that found in the second and third sentences of the statutory notice contained in R.C. 3107.11(B), 'clearly informed' the father that he was required to file an objection within 14 days of

receiving the adoption notice." *Id.* at ¶ 29, citing *In re T.L.S.,* 12th Dist. Fayette No. CA2012-02-004, 2012-Ohio-3129. *See also In re A.N.*, 2013-Ohio-3871, 997 N.E.2d 1244, ¶ 33 (3d Dist.).

**{¶ 20}** Father waived his constitutional challenges, and the notice of hearing complied with the language set forth in R.C. 3107.11(B) and was not misleading or contradictory. Father's first assignment of error is accordingly overruled.

### Service

**{¶ 21}** We next consider Father's second and third assignments of error together. They are as follows:

THE DECISION OF THE TRIAL COURT DOES NOT FOLLOW THE OHIO RULES OF CIVIL PROCEDURE AND THE MONTGOMERY COUNTY PROBATE RULES OF PROCEDURE AS FACTS ARE MISCONSTRUED. AS A CONSEQUENCE THE OPINION OF THE TRIAL COURT CARVES OUT AN EXCEPTION THAT IT DOES NOT FOLLOW ITS OWN RULES AND RULES OF CIVIL PROCEDURE[,] THEREFORE VIOLATING [FATHER'S] RIGHTS.

R.C. 3107.07K DOES NOT APPLY WHEN * * * THERE IS NO SERVICE.

**{¶ 22}** The standard for summary judgment is well settled:

Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after

construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Perrin v. Cincinnati Ins. Co.,* 2020-Ohio-1405, 153 N.E.3d 832, ¶ 29 (2d Dist.).

Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at 293. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same

standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

*Budz v. Somerfield*, 2d Dist. Montgomery No. 29550, 2023-Ohio-155, ¶ 24-26.

**{¶ 23}** Here, the trial court specifically concluded that service of the notice of the hearing had been proper. The court indicated that Father's argument regarding improper service ignored Loc.R. 78.3(E)(2) of the Montgomery County Court of Common Pleas, Probate Division ("Montgomery Probate Loc.R."), which provides that the "default method of service by the clerk is by FedEx Corporation." The probate court also concluded that Father's argument that service by FedEx was insufficient was "defeated" by Civ.R. 4.1(A)(1)(b), which permits service by a commercial carrier service requiring a signed receipt.

**{¶ 24}** The probate court further concluded as follows regarding service:

Father's entire argument seems to be based upon a false impression. It is not necessary that the notice be delivered directly to Father. It is sufficient that the notice be delivered to Father's place of residence, and that the carrier "return a signed receipt showing to whom delivered, date of delivery, and address where delivered." Civ.R. 4[.1](A)(1)(b). Father admits in his Affidavit that he lives at [a specific Kettering address]. This is the same address listed in the Return of Service provided by Fed Ex. The Return of Service states that the Notice was

signed for by someone identified as "A.[M.]". It does not claim that it was signed for by Father, just someone with the same given name and first initial as Father. Thus, Father's Affidavit and Father's wife's Affidavit that they did not sign for the Notice are insufficient to establish that service was not proper. Further, the self-serving affidavits are not credible.

Similarly, Father's attack on the Court's procedure for effecting service is unavailing. The procedures the Court uses are authorized by Ohio Civ.R. 4.1(A)(1)(b) and Civ.R. 4(A)(1)(b).[2] The facts of this case also comply with Civ.R. 73(E), which may be relevant. Father was also not the party requesting service and how service is made – it was Petitioner's counsel. For this reason, Father has no standing to object to the method used by the Court. Thus[,] any argument that the Court was required to effect service by certified mail, not Fed Ex, is unavailing.

(Footnote added.)

{¶ 25} Citing FedEx's website, the court discussed FedEx's policy for deliveries, noting that the policy did not require a signature from the person identified as the recipient. The court noted that the FedEx return of service herein established that a person at a Kettering address signed for the delivery, not that Father did so, which was sufficient to meet the requirements of Civ.R. 4 and 73. The court concluded that Father's argument that the court did not have proper jurisdiction over him lacked merit.

{¶ 26} Father argues on appeal that the probate court's opinion "ignore[d] the

---

[2] Civ.R. 4 governs the issuance of summons upon the filing of a complaint. It is divided into section (A)-(F), without subparts, and there is no "Civ.R.4(A)(1)(b)."

Clerk's records which contain the dispositive facts," because it focused on the parts of the Civil and Local Probate Rules which state that a common carrier is the default method of service. Father asserts that default service "is subordinate to counsel's filing of Instructions for Service" by certified mail return receipt requested. According to Father, Montgomery Probate Loc.R. 78.3(E)(2) and Civ.R. 4.1, "as a matter of law, mandated the Probate Clerk serve the documents by U.S. Certified Mail Return Receipt Requested and not by default FEDEX." Father asserts that the clerk's office ignored the service order by Petitioner's attorney.

{¶ 27} Father further asserts that the signature on the FedEx document was a forgery. He directs our attention to his and his wife's affidavits. Father argues that a forged signature constituted "a filing of fraudulent service" and that improper service "equals no personal jurisdiction." Accordingly, he argues that the 14-day period for objections was not triggered. Father asserts that delivery by certified mail, return receipt requested, "creates a situation where delivery is either made or service is returned to the court," while the "FedEx delivery process creates a situation where forgery and fraud can be used." Father suggests that a FedEx driver may have forged his name.

{¶ 28} Civ.R. 4.1 governs process and methods of service. Civ.R. 4.1(A)(1)(a) governs service by United States certified or express mail. It provides:

> * * * Evidenced by return receipt signed by any person, service of
> any process shall be by United States certified or express mail unless
> otherwise permitted by these rules. The clerk shall deliver a copy of the
> process and complaint or other document to be served to the United States

Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

{¶ 29} Civ.R. 4.1(A)(1)(b), upon which the trial court relied, governs service by commercial carrier service. It provides:

* * * Unless the serving party furnishes written instructions to the clerk that service be made pursuant to Civ.R. 4.1(A)(1)(a), the clerk may make service of any process by a commercial carrier service utilizing any form of delivery requiring a signed receipt. The clerk shall deliver a copy of the process and complaint or other document to be served to a commercial carrier service for delivery at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk, with instructions to the carrier to return a signed receipt showing to whom delivered, date of delivery, and address where delivered.

{¶ 30} Montgomery Probate Loc.R. 78.3(E)(2), upon which the probate court also relied, governs service of *summons* in probate matters and states: "Civ.R. 4 through 4.7 shall apply in all probate proceedings requiring service of *summons*, unless otherwise provided by law. See Civ.R. 73(D)."

{¶ 31} Civ.R. 73 governs the probate division of the court of common pleas, and it distinguishes between the service of *summons* and the service of *notice*. Civ.R. 73(C)

governs service of summons and provides that "Civ.R. 4 through 4.6 shall apply in any proceeding in the probate division of the court of common pleas requiring service of *summons*."

{¶ 32} Civ.R. 73(E), on the other hand, specifically governs service of *notice*. It provides:

> In any proceeding where any type of notice *other than service of summons* is required by law or deemed necessary by the court, and the statute providing for notice[3] neither directs nor authorizes the court to direct the manner of its service, notice shall be given in writing and may be served on behalf of any interested party without court intervention by one of the following methods:
>
> * * *
>
> (3) By United States certified or express mail return receipt requested, or by a commercial carrier service utilizing any form of delivery requiring a signed receipt, addressed to the person to be served at the person's usual place of residence with instructions to the delivering postal employee or to the carrier to show to whom delivered, date of delivery, and address where delivered, provided that the certified or express mail envelope or return of the commercial carrier is not returned showing failure of delivery[.]

{¶ 33} We conclude that the issue of service is governed by Civ.R. 73(E)(3) and not by Civ.R. 4.1(A)(1)(b) and Montgomery Probate Loc.R. 78.3(E)(2). Civ.R. 73(E) is

---

[3] *See* R.C. 3107.11, discussed below. Section (C) of that rule requires that "[a]ll notices required under this section shall be given as specified in the Rules of Civil Procedure."

specific to the service of notice in the probate court. While we conclude that service via FedEx was proper under these circumstances, we further conclude that the affidavits of Father and his wife created a genuine issue of material fact as to whether service was actually completed on Father, requiring that the probate court conduct a hearing and determine whether service of the notice was perfected on Father Although the probate court's docket reflects successful service upon someone at Father's address, he and his wife averred that they were away from their home at the time of service, and Father"s wife averred that no one else was at their home on May 9, 2022, at 11:21 a.m. The probate court concluded that the affidavits attached to Father's memorandum in opposition to the motion for summary judgment lacked credibility, but "it is well established that the determination of credibility is beyond the province of a summary judgment proceeding." *Bank One, Dayton, NA v. Barnes*, 2d Dist. Montgomery No. 14925, 1995 WL 783666, *3, (Dec. 20, 1995). Having determined that a genuine issue of material fact existed, we conclude that the trial court erred in granting summary judgment in favor of Petitioner.

{¶ 34} Father's second and third assignments of error are overruled as to the method of service of the notice, and they are sustained as to the grant of summary judgment in favor of Petitioner. The trial court must conduct a hearing on the issue of whether Father was properly served with notice as required by law.

### Equity

{¶ 35} Father's fourth assignment of error is as follows:

EQUITY DEMANDS THAT [FATHER] BE TREATED FAIRLY.

{¶ 36} Having found that a genuine issue of material fact existed and that the trial

court erred in granting Petitioner's motion for summary judgment, we need not consider the merits of Father's fourth assignment of error.

**{¶ 37}** The judgment of the trial court is reversed, and the matter is remanded for further proceedings.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.